UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re

CGEN HOLDINGS, LLC,

                                                                                                     Chapter 11
                                                                                                     Case No. 23-41549-ess

                               Debtor.
-------------------------------------------------------------------x

**ORDER (I) AUTHORIZING THE SALE OF REAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §363; (II) FINDING PURCHASER IS A GOOD FAITH PURCHASER; (III) WAIVING THE STAY OF SALE ORDER PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004(h); AND (IV) GRANTING RELATED RELIEF**

        Upon consideration of the motion[1] (the "Motion") of CGEN HOLDINGS, LLC, (the "Debtor"), by and through its counsel, the Law Offices of Gabriel Del Virginia, seeking entry of an order: (i) authorizing the sale of that certain parcel of real property with a six-unit rental building located at 1010 57th Street Brooklyn, New York 11219 (the "Premises") free and clear of all liens, claims and encumbrances pursuant to that certain Contract of Sale of the Premises (the "Sale Agreement") to Liu Qing Yang, or designee (the "Purchaser") pursuant to sections 105, and 363(b) and (f) of Title 11 of the United States Code §§ 101 et seq. (the "Bankruptcy Code"); (ii) determining that the Purchaser is a good faith purchaser and thereby is entitled to the protections afforded by section 363(m) of the Bankruptcy Code; (iii) waiving the 14-day stay required by Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and (iv) granting such other relief as this Court deems just and proper; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409;

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed in the Motion.

and due and proper notice having been given, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested; and it appearing that the relief requested in the Motion is in the best interest of the Debtor, the estate, and creditors; and all objections to the Motion having been withdrawn or overruled; and upon all of the proceedings had before the Court and upon due deliberation and sufficient cause appearing therefore, it is hereby

~~**ORDERED,** that the Motion is granted; and it is further~~

**ORDERED,** that the Motion, the Sale Agreement, and all ancillary documents and transactions contemplated therein, including the sale of the Premises and the assumption and assignment of the Leases to the Purchaser, are approved, and it is further

**ORDERED**, that the Debtor and the Purchaser are authorized and empowered under the Bankruptcy Code, including sections 105 and 363 thereof, to perform their respective obligations under the Sale Agreement and to take such actions as are necessary and appropriate to effectuate the terms of the Sale Agreement without any further authorization or order of this Court; and it is further

**ORDERED**, that pursuant to section 363(f), provided that all liens are paid and satisfied at closing, the sale of the Premises is "free and clear" of liens, claims and encumbrances; and it is further

**ORDERED,** that any remaining funds after the transactions at the closing have taken place shall be placed in the Debtor's DIP account; and it is further

**ORDERED,** that the Purchaser shall be deemed a good faith purchaser and shall be accorded all the protections of such good faith purchaser provided pursuant to Bankruptcy Code § 363(m); and it is further

**ORDERED,** that the Purchaser is directed to comply, and shall comply, with all provisions of the Sale Agreement; and it is further

**ORDERED,** that the Purchaser agrees to a closing to be scheduled in accordance with the terms of the Sale Agreement;

**ORDERED,** that a copy of the closing statement should be provided by email to the U.S. Trustee (attention: Nazar Khodorovsky, Esq., trial attorney) within 14 days after the closing has taken place; and it is further

**ORDERED,** that this Court shall retain exclusive jurisdiction to enforce the provisions of this Order and the Sale Agreement, and to resolve any dispute concerning this Order, the Sale Agreement, or the rights and duties of the parties hereunder or thereunder or any issues relating to the Sale Agreement and this Order, including, but not limited to, interpretation of the terms, conditions and provisions thereof, and all issues and disputes arising in connection with the relief authorized herein; and it is further

**ORDERED,** that the Sale Agreement and any related agreements, documents, or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of this Court, provided that any such modification, amendment or supplement does not have a material adverse effect on Debtor's estate; and it is further

**ORDERED,** that the failure to specifically include any particular provision of the Sale Agreement in this Order shall not diminish or impair the efficacy of such provision, it being the intent of this Court that the Sale Agreement and each and every provision, term and condition thereof be authorized and approved in their entirety; and it is further

**ORDERED,** that pursuant to Bankruptcy Rule 6004(h), this Order shall be effective immediately upon its entry, and the sale approved by this Order may close immediately upon its entry, notwithstanding any otherwise applicable waiting periods; and it is further

**ORDERED,** that a true copy of this Order shall be served on all parties-in-interest by regular, first-class mail within seven (7) days of the date hereof.

Dated: Brooklyn, New York
October 23, 2023



_____
Elizabeth S. Stong
United States Bankruptcy Judge